## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLGA NOWAK | : |
| 3300 Neshaminy Blvd., Apt. 589 | : CIVIL TRIAL DIVISION |
| Bensalem, PA 19020 | : |
| Plaintiff, | : JURY TRIAL DEMANDED |
| | : |
| vs. | : NO. 20-02540 |
| | : |
| THOROUGHBRED SERVICES, INC. | : |
| 3001 Street Road | : |
| Bensalem, PA 19020 | : |
| Defendant | : |

## AMENDED CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Olga Nowak, is an adult individual residing at 3300 Neshaminy Boulevard, Apt. 589, Bensalem, PA 19020. Plaintiff is female.

2. Defendant, Thoroughbred Services, Inc., is a corporation or other entity that maintains a principal place of business and/or registered office at 3001 Street Road, Bensalem, PA 19020.

### JURISDICTION

3. This is a civil action arising under the laws of the United States and is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and, 42 U.S.C. §1981a. This Court also has jurisdiction of the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

4. This Court also has pendent and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. These claims are brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA") and common law.

## VENUE

5. Defendant transacts business and is found in this district.

## FACTUAL BACKGROUND

6. Nowak began employment with defendant in or about January 2016 as a Safety Coordinator reporting to Samuel Elliott (male).

7. Nowak was a licensed racing official with extensive experience as a thoroughbred trainer, jockey and exercise rider.

8. Nowak's duties included identifying risks and enforcing safety practices during daily horse exercise hours and live racing; evaluating new exercise riders; checking equipment utilized by horses and riders; explaining rules to on track participants during training and live racing; reviewing video of on track incidents and accidents; preparing incident and accident reports; reporting safety violations to licensed security personnel, stewards and the racing secretary; and, preparing paperwork for National Thoroughbred Racing Association ("NTRA") accreditation.

9. Elliott left defendant in or about April 2018.

10. In or about October 2018 Nowak began reporting to David Osojnak (male) who was hired in or about October 2018.

11. In or about November 2018 Nowak informed Osojnak of her intention to obtain a Safety Steward accreditation.

12. Osojnak was supportive and even told Nowak that he would try to get defendant to pay for the course Nowak needed to attend to obtain the accreditation.

13. Also, in or about November 2018, Osojnak instructed Nowak to stop reporting certain outriders for safety violations due to the fact that the reports could be used as evidence that defendant had knowledge of unsafe conditions in any subsequent injury claim.

14. Examples of reported outrider safety violations include, but are not limited to, refusing to assist with an unruly horse; and, leaving the track without permission, thereby leaving horses unsupervised and/or being unable to assist in emergency situations and/or unable to activate the emergency track warning system.

15. Despite the instruction, Nowak continued to report the outriders for safety violations on a weekly or more frequent basis through the date of her discharge, as she was the Safety Coordinator and required by state law to report the violations.

16. Nowak was discharged on or about February 27, 2019.

17. Osojnak told Nowak that she was being discharged because she didn't have the skills to perform the Safety Coordinator position.

18. This, despite the fact that Nowak had been performing the position for more than three years and despite the fact that Osojnak had previously indicated his support for Nowak obtaining a Safety Steward accreditation.

19. Nowak was replaced by Donnie Smith (male) who had been working in the office, not in a safety role.

20. Nowak contends that she had as much, or more, experience than Smith as a thoroughbred jockey, exercise rider and/or trainer; and was as, or more, qualified than Smith for the position.

21. At all times material hereto defendant was acting by and through its duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of the defendant.

22. Nowak received a "Right to Sue" letter on or about March 10, 2020.  (*See,* letter from EEOC dated March 10, 2020 attached hereto as Exhibit "A.")

## COUNT - I
## PLAINTIFF v. DEFENDANT
## PLAINTIFF'S CLAIMS UNDER TITLE VII

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 22 inclusive as fully as though the same were herein set forth at length.

24. Defendant's conduct, as outlined above, including, but not limited to, discharging plaintiff constitutes unlawful gender and/or sex discrimination in violation of Title VII.

25. As a direct result of defendant's unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

26. In addition, defendant's discriminatory conduct has caused plaintiff significant emotional distress.

27. Further, said discrimination was willful, intentional, outrageous, and/or in flagrant disregard of the provisions of Title VII thereby entitling plaintiff to punitive damages.

### COUNT - II
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S CLAIMS UNDER THE PHRA

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 27 inclusive as fully as though the same were herein set forth at length.

29. Defendant's conduct, as outlined above, including, but not limited to, discharging plaintiff constitutes unlawful gender and/or sex discrimination in violation of the PHRA.

30. As a direct result of defendant's unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

31. In addition, defendant's discriminatory conduct has caused plaintiff significant emotional distress.

### COUNT - III
### PLAINTIFF v. DEFENDANT
### PLAINTIFF'S COMMON LAW CLAIMS

32. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 31 inclusive as fully as though the same were herein set forth at length.

33. At all times material hereto, 58 Pa. Code §163 et seq, set forth the Rules of Racing and was/is an expression of the public policy of the Commonwealth of Pennsylvania on the matters contained therein.

34. At all times material hereto, 58 Pa. Code §163.6 required racetrack officials, like Nowak, to report violations of the Rules of Racing to "the stewards, the Commission or its licensed security personnel."

35. At all times material hereto, 58 Pa. Code §163.291 addressed safety issues for the protection of patrons and racing personnel.

36. As a result, the Commonwealth of Pennsylvania determined that reporting safety violations is necessary to protect the health and welfare of racing personnel and patrons of a racetrack.

37. Defendant's conduct in discharging Nowak for continuing to report safety violations that she was required by law to report, constitutes wrongful discharge in violation of an express public policy of the Commonwealth of Pennsylvania.

38. As a direct result of defendant's unlawful and wrongful conduct, Nowak has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

39. In addition, defendant's conduct has caused Nowak significant emotional distress.

40. Further, said conduct was willful, intentional and/or outrageous, entitling Nowak to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff seeks damages to the extent that she has been harmed by defendant's unlawful conduct and specifically prays that the Court grant the following relief:

A. Enter an Order compelling defendant to reinstate plaintiff to her former position with all accrued seniority and benefits so as to put plaintiff in the same position as though she was never discharged;

B. Award to plaintiff back salary, wages, fringe benefits, front pay, and other allowable damages, together with prejudgment interest pursuant to the Title VII, the PHRA and common law;

C. Award to plaintiff compensatory damages pursuant to the Title VII, the PHRA and common law;

D. Award to plaintiff punitive damages pursuant to the Title VII and common law;

E. Award to plaintiff and her counsel attorney's fees, costs and disbursements pursuant to Title VII and the PHRA; and,

F. Any other equitable or legal relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

By: /s/ Bruce Preissman
Bruce Preissman
I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for Plaintiff

## **CERTIFICATION OF SERVICE**

I do hereby certify that Plaintiff's Amended Civil Action Complaint was served via electronic filing this 24th day of July 2020 upon:

Stephanie Gantman Kaplan, Esq.
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(Attorney for Defendant)

/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Plaintiff
1032 Mill Creek Drive, Suite 204
Feasterville, PA 18966
(215) 322-6990